# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BARBARA SNYDER,    )
         )
   Plaintiff,   )
vs.        )
         )
JOSEPH MOORE, ET AL.,   )  NO.  CIV-15-0865-HE
         )
   Defendants.  )

## ORDER

This case arises out of a collision between two tractor-trailers. The driver of one of the trailers subsequently died. His wife, plaintiff Barbara Snyder, filed suit in state court against defendants Joseph Moore ("Moore"), the driver of the other vehicle, and Moore's employer, R&S Trucking, Inc. ("R&S"). At some point, that case was dismissed and plaintiff then filed this case, asserting substantially the same claims as those asserted in the state case.

Plaintiff's amended complaint purports to state a single "cause of action" but in substance asserts claims against Moore for negligence in his driving, for which she asserts R&S is vicariously liable, and against R&S directly for negligence in hiring, training and retaining Moore and in entrusting him with the tractor-trailer. R&S has filed an answer admitting that Moore was their employee and that he was acting within the scope of his employment at the time of the accident. Doc. No. 13, ¶ 4.

R&S has moved for judgment on the pleadings, arguing the claims of direct negligence against it are not viable in light of its stipulation that Moore was acting in the

scope of his employment duties. "Judgment on the pleadings is appropriate only when the moving party has clearly established that no material issue of fact remains to be resolved and [that] the party is entitled to judgment as a matter of law." Sanders v. Mountain America Federal Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012) (internal quotation omitted).

In Oklahoma, where an employer stipulates that it is vicariously liable for the tortious conduct, if any, of its employee, claims asserting direct liability against the employer (and which depend on proof of the employee's tortious conduct) are "unnecessary and superfluous." Jordan v. Cates, 935 P.2d 289, 293 (Okla. 1997)(barring claims for negligent hiring and retention). This includes claims for negligent entrustment as well as ones for negligent hiring, training, or retention,[1] each of which necessarily depends on a showing of negligence or other misconduct on the part of the employee. Here, in light of R&S's stipulation, no further showing is required to establish vicarious liability once negligence is established as to Moore.

Jordan's application to these circumstances was recognized by the state judge, apparently leading to plaintiff's dismissal of that case and the filing of this one. Virtually all of the cases discussing Jordan are consistent with that conclusion. Whatever questions may exist as to Jordan's rationale are essentially academic, *see generally* Chamberlain v. Thomas, Case No. CIV-1430-HE, 2012 WL 4355908 at *1 (W.D. Okla. Sep. 24, 2012), and there is no reason to doubt its application here. The motion for judgment on the pleadings will be

---

[1] *Jordan* indicates that, once the employer stipulates to respondeat superior liability, liability based on "any other theory" becomes superfluous. 935 P.2d at 293–94.

2

granted.

Plaintiff has also moved to compel defendant to supplement its discovery responses in various respects. The requested discovery appears to be substantially, if not entirely, directed to the claims the court concludes must be dismissed. In light of the court's disposition of those claims, the motion to compel discovery will be denied.

For the reasons stated, defendant R&S's motion for judgment on the pleadings [Doc. No. 26] is **GRANTED**. Plaintiff's amended motion to compel [Doc. No. 31] is **DENIED**. If discovery issues not related to the dismissed claims remain, the parties may pursue them separately after compliance with Fed.R.Civ.P. 37(a)(1) and L.Cv.R. 37.1. In light of the procedural history of this case, here and in state court, related to the application of <u>Jordan</u>, defendant shall recover, at the conclusion of the case, its reasonable attorney's fees in connection with these two motions. The parties are directed to confer and attempt to reach agreement on the amount. Absent agreement, defendant shall file its motion to determine the amount of the fees within 14 days.

**IT IS SO ORDERED**.

Dated this **23rd** day of August, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

3